UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>          **Plaintiff,** )<br>v. )<br>         )<br>MICHAEL ASBURY )<br>         **Defendant.** ) | No. 1:23-cr-236-01-RC |

**MOTION TO EXTEND DEFENDANT'S REPORT DATE
TO THE BUREAU OF PRISONS**

Michael Asbury, through his undersigned counsel, moves this Honorable Court to extend his report date to the Bureau of Prison for the service of his sentence by approximately 120 days. In support of his motion, Mr. Asbury avers the following:

1. On August 26, 2024, this Court sentenced Mr. Asbury to serve four (4) months of incarceration in the Bureau of Prisons ("BOP"). Judgment formally entered on August 27, 2024. [Doc. 59]. The judgment orders Mr. Asbury to surrender for service of his sentence at the institution designated by the BOP as notified by the Probation and Pretrial Services Office. *Id*.

2. On September 30, 2024, Mr. Asbury received a letter from the District of Columbia Probation Office instructing him to report to Federal Correctional Institution Ashland no later than 2:00 P.M. on December 9, 2024.

3. Mr. Asbury has had exemplary behavior while under the supervision of Pretrial Services. On September 20, 2024, his supervising officer in the Eastern District of Tennessee, Officer Robert Scott Queener, wrote the following: "Mr. Asbury has been on Pretrial Supervision since July 13, 2023. During that time, he has been supervised by two different United States Probation Officers (USPO Worthington and USPO Queener). Mr. Asbury has performed

exceptionally well while on pretrial supervision. He routinely checks in with his assigned officers without fail and without hesitation. All of Mr. Asbury's drug screens have been negative. Mr. Asbury has maintained steady employment and is dedicated to the wellbeing of his family." On November 20, 2024, undersigned counsel communicated with USPO Queener, who confirmed that Mr. Asbury has continued to have "no issues at all" while on pretrial supervision. Furthermore, Mr. Asbury has copied undersigned counsel on his weekly check-in emails with the District of Columbia's Probation Office; he is in full compliance with that obligation.

4.  Mr. Asbury, a construction manager, is presently helping to complete construction on two homes in East Tennessee by the end of 2024. His employer is relying on Mr. Asbury to timely complete construction on these homes. Both homes are scheduled to be complete by the end of December 2024. As discussed in detail in his Presentence Investigation Report and Sentencing Memorandum, Mr. Asbury is the primary financial support for his wife and two minor children. [Docs. 48, 51]. Upon reporting to the BOP, Mr. Asbury will no longer be employed. This is a family with no safety net. Should the Court extend Mr. Asbury's report date to the BOP, he will use the additional time to continue working his job as a construction manager, as well as additional side jobs, in order to earn and save money that his family can use during the time he is incarcerated and unable to work.

5.  In addition to the financial support he provides his family, Mr. Asbury is a tremendously involved father to his two minor children. Mr. Asbury's children are continuing to struggle emotionally as they work to process their father's impending incarceration. Both children have expressed increased sadness and stress as Mr. Asbury's report date approaches. That sadness is exacerbated by the time of year at which Mr. Asbury is scheduled to report to the BOP. The Asbury family is closeknit, and the children have never spent more than a few nights away from

their parents. Permitting Mr. Asbury to spend the holiday season and children's winter break with his wife and children would allow the family additional time to process Mr. Asbury's upcoming incarceration. *See generally* Kristen Tourney and Rebecca Goodsell, *Parental Incarceration and Children's Wellbeing* 28 Future of Children 147, 149 (2018) ("The trauma experienced by the children, as well as the corresponding loss resulting from the incarcerated parent's physical and emotional absence, may hinder children's behavioral and cognitive development. . . . Parental incarceration also massively strains family life, with cascading consequences for children.").

6. Mr. Asbury is a father who prioritizes his children's emotional well-being. In that effort, Mr. Asbury's teenage daughter speaks weekly with a school therapist. The therapist reports that Mr. Asbury's upcoming incarceration is a source of stress and uncertainty for his daughter, especially since his incarceration coincides with the holiday season. Mr. Asbury's daughter and her therapist are working on establishing coping techniques for Mr. Asbury's daughter to use while her father is incarcerated, but the therapist notes they could benefit from additional time to establish those techniques.

7. Finally, undersigned counsel would be remiss not to mention the comments and promises of President-Elect Donald Trump as it relates to individuals with convictions stemming from the events at the United States Capitol on January 6, 2021. "The president-elect has said on the campaign trail and social media that one of the first acts of his second term would be to free hundreds of people convicted of attacking the U.S. Capitol on Jan. 6, 2021 as Congress was certifying the 2020 presidential election." Leila Fadel and Obed Manuel, *Trump said he would pardon Jan. 6 rioters. How does that power work?* NPR (Nov. 13, 2024, 4:30 PM), https://www.npr.org/2024/11/11/nx-s1-5181960/can-trump-pardon-as-promised-people-convicted-in-connection-with-the-jan-6-attack. Whether President-Elect Trump makes good on

those promises remains to be seen; however, while a pardon following a conviction can reverse many of the collateral consequences stemming from such a conviction, it cannot return the time an individual has been incarcerated to that person or reverse the emotional and financial consequences caused by incarceration to the individual or his family. Mr. Asbury and undersigned counsel respectfully request an extension of his report date to the BOP to allow President-Elect Trump's stated intention to pardon individuals convicted of crimes stemming from the events of January 6, 2024, to play out. *See United States v. William Pope*, No. 1:21-cr-128-01 (RC) (D.D.C. Nov. 14, 2024); *United States v. Evan Hunt et al*, No. 1:24-cr-154 (CJN) (D.D.C. Nov. 14, 2024).

Respectfully submitted, this 22nd day of November, 2024.

          FEDERAL DEFENDER SERVICES
          OF EASTERN TENNESSEE, INC.

BY:   /s/*Sarah H. Olesiuk*
       Sarah H. Olesiuk
       Assistant Federal Defender
       TN Bar No. 030290

       Federal Defender Services
       of Eastern Tennessee, Inc.
       800 S. Gay St., Suite 2400
       Knoxville, TN 37929

       COUNSEL FOR DEFENDANT